UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL ANTHONY WILSON,<br><br>                Defendant. | CASE NO. CR06-5488BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 18 U.S.C. § 3582 |

    This matter comes before the Court on Defendant Michael Anthony Wilson's ("Wilson") motion for relief pursuant to 18 U.S.C. § 3582 (Dkt. 35) and motion for release pending re-sentencing (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

    In 2006, Wilson pleaded guilty to possession with intent to distribute crack in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), which carried a five-year mandatory minimum sentence, and to possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c), which also carried a five-year mandatory minimum

sentence. On January 26, 2007, Wilson was sentenced to the statutory minimum of 60 months for each convicted count, to be served consecutively, for an aggregate mandatory minimum term of 120 months. Wilson did not appeal or collaterally attack this sentence.

Wilson filed a motion for relief under 18 U.S.C. § 3582 (Dkt. 35) and a motion for immediate release pending re-sentencing (Dkt. 36). Section 3582 provides, in pertinent part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The amendment to the Sentencing Guidelines on which Wilson bases his request lowers the base offense levels applicable to crack offenses and became effective November 1, 2011. The amendment at issue, part A of Amendment 750, changes the offense levels applicable to crack cocaine offenses and was added to Section 1B1.10(c) as a retroactive amendment by the Sentencing Commission. These changes to the offense levels were made pursuant to the Fair Sentencing Act of 2010 ("FSA"), which altered the threshold quantities of crack cocaine required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). The Act directed the Sentencing Commission to implement the changes in the Sentencing Guidelines.

Although the FSA changed the mandatory minimum sentences for crack cocaine, which would otherwise apply to lower Wilson's sentence, the appellate courts, including the Ninth Circuit, have unanimously held that the FSA does not apply to defendants who,

like Wilson, committed their crimes and were sentenced prior to August 3, 2010. *See, e.g.*, *United States v. Baptist*, 646 F.3d 1225, 1226-28 (9th Cir. 2011) (per curiam). In addition, because Wilson was sentenced pursuant to a mandatory minimum under 21 U.S.C. §841, his sentence cannot be lowered pursuant to Amendment 750 of the Sentencing Guidelines. *See United States v. Paulk*, 569 F.3d 1094, 1095-96 (9th Cir. 2009) (stating that a mandatory minimum imposed under § 841 cannot be affected by a change in the applicable sentencing range); *see also United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (rejecting the argument that the defendant was entitled to resentencing because the mandatory minimum could be avoided due to a subsequent statutory enactment).

Therefore, because Wilson was sentenced before August 3, 2010, and because the amendment to the Sentencing Guidelines does not apply to alter his mandatory minimum sentence, it is hereby **ORDERED** that Wilson's motion for relief under § 3582 (Dkt. 38) is **DENIED** and his motion for immediate release pending re-sentencing is **DENIED**.

Dated this 13th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge